■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MELVIN OLIVER, Appellant.— Judgment of conviction rendered on February 4, 1969, sentencing defendant-appellant to State prison for a maximum term of 10 years, unanimously reversed, on the law, to the extent of vacating the sentence and remanding defendant to the sentencing Justice for resentence. The record discloses that, though defendant was properly allocuted pursuant to the requirements of section 480 of the Code of Criminal Procedure, neither he nor his counsel ever actually replied within the meaning of that section or section 481. Nothing contained in counsel's plea for leniency constitutes substantial compliance of the sort described in *People ex rel. La Fay* v. *McMann* (33 A D 2d 1102). Further, it was called to the court's attention that defendant had desired his counsel to move to withdraw the plea of guilty. In the circumstances, it was not proper summarily to cut off defendant's application to this end without, at the very least, hearing a statement of the reasons therefor. Expedition of proceedings is commendable, but not when it may possibly result in deprivation of a right. This is not to pass on the merits of the application, for there is actually nothing relevant thereto to be found in the record. Concur — Eager, J. P., Markewich, Tilzer and Bastow, JJ.